<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PIER 541 LLC, | Civil No.: 19-cv-00437 (KSH) (CLW) |
| *Plaintiff*, | |
| v. | |
| THE CRAB HOUSE, INC., LANDRY'S SEAFOOD RESTAURANTS, INC., BAYPORT RESTAURANT GROUP, INC., JOHN/JANE DOES 1 through 10 (fictitious names whose identities may become known during this lawsuit), AND ABC CORPORATIONS AND OTHER LEGAL ENTITIES 1 through 10 (fictitious names whose identities may become known during this lawsuit), | **OPINION** |
| *Defendants*. | |

**Katharine S. Hayden, U.S.D.J.**

**I.      Introduction**

This matter comes before the Court on the motion (D.E. 78) of defendant Crab House, Inc. ("Crab House") seeking reconsideration of the Court's September 28, 2021 decision denying its motion for summary judgment. For the reasons set forth below, the motion will be denied.

**II.     Background**

As set forth in the Court's ruling denying summary judgment (D.E. 76, Op.), this matter arises from Crab House's alleged breach of a lease agreement (the "Lease") with plaintiff landlord Pier 541 LLC ("Pier 541"). Relevant to the instant motion is Paragraph 4.03 of the Lease, which obligated Crab House to make additional rental payments under certain conditions, namely:

> If [Crab House] (and if [Crab House] is a corporation, any parent, subsidiary or affiliated or controlled company of [Crab House] . . . ) shall, directly or indirectly,

1

open, acquire, operate, manage or have any interest in any competing store or business . . . within five (5) miles from the nearest outside boundary of the Entire Premises . . . Landlord shall have the right if permitted by law, during all periods when such competing store or business is open and operating, to additional Fixed Rent at the rate which is fifty percent (50%) of the then rate of Fixed Rent as elsewhere provided in this Lease. However, any such store of [Crab House] (and if [Crab House] is a corporation, any parent, subsidiary or affiliated or controlled company of [Crab House] . . . ) existing and open for business as of the date of this Lease may continue to be operated, managed, conducted and owned in the same manner as on the date of execution of this Lease without any additional Fixed Rent provided that there is no change in the size or trade name of such other store.

On August 6, 2018, Crab House advised Pier 541 that it would be prematurely terminating the Lease. In response, Pier 541 sought to recoup approximately $2.5 million in additional rent purportedly owed to it pursuant to Paragraph 4.03 of the Lease on grounds that Chart House, an affiliated entity, had been operating a competing business within five miles of Crab House since the end of 2002. Crab House refused to pay, and this suit for breach of contract followed.[1]

Crab House moved for summary judgment, arguing that it does not owe Pier 541 any additional rent under Paragraph 4.03 because Chart House was not its "affiliate" at the time it executed the Lease. Alternatively, it sought dismissal of claims premised on conduct predating November 26, 2012—six years before Pier 541 filed its complaint in this action—as untimely under New Jersey's six-year statute of limitations.[2]

In denying Crab House's motion for summary judgment, the Court held that the plain language of the Lease ran counter to Crab House's interpretation of the term "affiliate," and that

---

[1] Pier 541 also asserted claims for unjust enrichment, conversion, and breach of the implied covenant of good faith and fair dealing, which were later dismissed upon stipulation of the parties. (D.E. 75.)

[2] Pier 541 cross-moved for partial summary judgment on grounds that Crab House waived its statute of limitations defense, which the Court denied. (*See* Op. at 10-11; *see also* D.E. 77.) It has not moved for reconsideration of that ruling.

the parties' conduct provided further support for that conclusion.[3] (Op. at 7-9.) It also declined Crab House's request to bar Pier 541 from recouping certain damages on statute of limitations grounds, reasoning that the issue was not ripe for summary disposition. (*Id.* at 10-11.)

Crab House now moves for reconsideration of that ruling (D.E. 79, Mov. Br.; D.E. 87, Reply Br.), and Pier 541 has opposed (D.E. 86, Opp. Br.).[4]

### III. Standard of Review

Motions for reconsideration are governed by L. Civ. R. 7.1(i), which allows a party to seek reconsideration where it believes the Court has overlooked information or controlling law. To succeed on a motion for reconsideration, the movant must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled on] the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Because reconsideration is an "extraordinary remedy," it is to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted). Reconsideration is not warranted simply because a party disagrees with a decision or wants to reargue the original motion. *See In re Wojtaszek*, 2021 WL 2070596, at *1 (D.N.J. May 21, 2021) (Vazquez, J.). Rather, the movant must "present 'something new or something overlooked by the court in rendering the earlier decision.'" *Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2010) (Rodriguez, J.) (quoting *Khair v. Campbell Soup Co.*,

---

[3] In reaching this conclusion, the Court also rejected Crab House's reliance on an out-of-circuit case, which cited approvingly to an unpublished case from this district. (Op. at 7-8.)

[4] Crab House's request to file a reply brief was granted on November 11, 2021. (D.E. 85.)

3

893 F. Supp. 316, 337 (D.N.J. 1995)). "Something overlooked" refers "only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered." *Id.*

## IV. Discussion

Crab House's motion for reconsideration makes two discrete arguments: (i) the Court erred in its interpretation of the term "affiliate" in Paragraph 4.03 of the Lease; and (ii) it failed to consider Crab House's unopposed statute of limitations arguments. Neither warrants the relief of consideration.

### A. Lease Interpretation

Crab House argues that the Court failed to consider "key words" when determining that the term "affiliate" extended to both current and future affiliates of Crab House. (Mov. Br. at 2.) Although the Court cited Paragraph 4.03 in full in its opinion (*see* Op. at 2-3), Crab House contends that the Court failed to give due weight to the words "any such store" in interpreting Paragraph 4.03, and thus its "interpretation . . . was based on a clear error of fact and law." (Mov. Br. at 10-11.)

It is well settled that reconsideration is not an appropriate vehicle to express disagreement with the Court's interpretation of case law or the record. *See United States v. Pinkhasov*, 2009 WL 150669, at *1 (D.N.J. Jan. 21, 2009) (Chesler, J.) ("[M]ere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." (quoting *Yurecko v. Port Auth. Trans. Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003)); *see also Cafaro v. HMC Int'l, LLC*, 2009 WL 2382247, at *2 (D.N.J. July 30, 2009) (Linares, J.) ("Disagreement with the Court's interpretation is a matter for appeal, not reconsideration."). Indeed, "[a] motion for reconsideration may not be used to 'ask the Court

4

to rethink what it had already thought through—rightly or wrongly.'" *Leja v. Schmidt Mfg.*, 2008 WL 1995140, at *3 (D.N.J. May 6, 2008) (Debevoise, J.) (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). Here, the parties submitted the Lease to the Court in connection with their motions for summary judgment. In turn, the Court interpreted the language of Paragraph 4.03, considered the parties' arguments, and reasoned that the term "affiliate" extended to both current and future affiliates of Crab House. While Crab House may disagree with the Court's interpretation, "mere disagreement" with its "reasoning and distillation of the applicable law and facts" does not warrant reconsideration. *Jones v. Sanko*, 2016 WL 819618, at *3 (D.N.J. Mar. 2, 2016) (Simandle, J.).

Crab House next argues that the Court erred by considering extrinsic evidence of the parties' conduct to aid in its interpretation of Paragraph 4.03 in light of the Lease's integration clause. Crab House is correct that where an agreement contains an integration clause, the parol evidence rule generally "prohibits the introduction of evidence that tends to alter an integrated written document." *Conway v. 287 Corporate Ctr. Assocs.*, 187 N.J. 259, 268 (2006). However, as indicated in the Court's opinion (*see* Op. at 6), "New Jersey law requires courts to 'consider all of the relevant evidence that will assist in determining the intent and meaning of the contract,' which includes 'a thorough examination of extrinsic evidence in the interpretation of contracts.'" *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 155 (D.N.J. 2013) (quoting *Conway*, 187 N.J. at 269.). Accordingly, where there is an integration clause, courts may consider extrinsic evidence "to aid in determining the meaning of what has been said." *Id.* (quoting *Atl. N. Airlines, Inc. v. Schwimmer*, 12 N.J. 293, 302 (1953)). In other words, courts should exclude parol evidence only if it "tends to show, not the meaning of the writing, but an intention wholly unexpressed in the writing." *Id.*

5

Here, the Court interpreted the plain language of Paragraph 4.03 and determined that the term "affiliate" extended to both current and future affiliates of Crab House. It then considered evidence of the parties' conduct—namely, that approximately one year after the Lease was executed, the then-landlord sought to execute a letter agreement removing Paragraph 4.03—which provided further support for its plain language interpretation. Accordingly, the Court's use of extrinsic evidence to aid in its interpretation was proper and does not serve as a basis for reconsideration. *See CPS MedManagement LLC*, 940 F. Supp. 2d at 169 (denying motion for reconsideration where court considered extrinsic evidence despite presence of integration clause in agreement, reasoning that it "carefully considered the language of the [a]greement, each counsel's arguments, and the extrinsic evidence offered by the parties," which is "exactly what the law dictates").

Finally, Crab House argues that the Court erred by failing to consider its *expressio unius* argument, which was raised for the first time in reply to its motion for summary judgment. However, "'[i]t is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted' and that new arguments 'cannot be raised for the first time in reply briefs.'" *Manasse v. United States*, 2016 WL 7130916, at *4 (D.N.J. Dec. 7, 2016) (Linares, J.) (quoting *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998)). Accordingly, a court need "not consider arguments raised for the first time in reply." *Hotaling & Co., LLC v. LY Berditchev Corp.*, 2021 WL 3783260, at *2, n. 3 (D.N.J. Aug. 26, 2021) (Vazquez, J.); *Cobra Enterprises, LLC v. All Phase Servs., Inc.*, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020) (Chesler. J.) (noting that, as a "matter of procedure," the court would "not accept arguments offered for the first time in the

reply brief"). As such, Crab House's *expressio unius* argument does not provide a basis for reconsideration.[5]

### B. Statute of Limitations

Turning to the statute of limitations argument, Crab House contends that the Court "overlooked Crab House's undisputed argument that rent accrues monthly under the Lease, that damages under Paragraph 4.03 are treated as additional rent, and that damages under Paragraph 4.03 accrue monthly." (Mov. Br. at 14.) It further claims that because the arguments were undisputed, there was no disputed issue of law or fact and the Court should have barred Pier 541 from recovering damages that accrued prior to November 26, 2012. (*Id.* at 15.)

In its opinion, the Court expressly recognized Crab House's arguments that "the Lease . . . obligated Crab House to pay its rent in monthly installments," and that "a new cause of action accrued from the date of each missed monthly payment." (Op. at 11.) It also acknowledged that Pier 541 "d[id] not dispute" those arguments. (*Id.*) But contrary to Crab House's contention, it did not explain to the Court in its summary judgment briefing why additional rent payments under Paragraph 4.03 were due and payable on the same monthly schedule as its ordinary rent payments; nor did Pier 541 provide any explanation to the contrary. In light of this omission, the Court found that it would be inappropriate to cut off approximately a decade's worth of damages at the summary judgment stage, concluding that the issue was "not ripe for summary disposition." (*Id.*)

---

[5] Had the Court considered Crab House's *expressio unius* argument, it would have failed. Crab House argued that the term "future" was used elsewhere in the Lease but not in Paragraph 4.03 (D.E. 59, MSJ Reply Br. at 8-9), but the same can be said about the term "current," which appears multiple times throughout the Lease. (*See, e.g.*, D.E. 80-1, Reed Decl. Ex. A at ¶ 6.02 ("current Calendar Year"); ¶ 37.08 ("current 10K statement"); ¶ 38.01(b)(9)(iii) ("current address").)

The Court sees no reason to reconsider this ruling and, even if it were inclined to do so, the parties have failed to address the concerns raised in its opinion. Accordingly, the statute of limitations issue—much like the issue of whether Crab House and Chart House are in fact competitors—remains in dispute and will be resolved by the Court at the appropriate time.

**V.     Conclusion**

For the foregoing reasons, Crab House's motion for reconsideration (D.E. 78) is denied. An appropriate order will issue.

Date: May 26, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.